IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FREDERICK OMOYUMA SILVER, | § § § | |
| *Plaintiff,* | § § | SA-19-MC-01397-DAE |
| vs. | § § | |
| TOYOTA MOTOR MANUFACTURING, TEXAS, INC., (TMMTX); | § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation and Order concerns Plaintiff's Request for Permission to File a New Case in this District Court [#1], Plaintiff's Emergency Motion for Permission for Electronic Case Filing [#3], and Plaintiff's Motion for Inquiry on Case Status [#5]. All three motions were referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter a recommendation as to Plaintiff's Motion to File a Complaint pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned has authority to enter an order as to Plaintiff's Motion for Permission for Electronic Case Filing and Motion for Inquiry on Case Status. For the reasons set forth below, it is recommended that Plaintiff's Pro Se Motion to File a Complaint [#1] be **DENIED**. In light of this recommendation, the Court will **DENY** Plaintiff's Motion for Permission for Electronic Case Filing [#3] and **DISMISS AS MOOT** Plaintiff's Motion for Inquiry on Case Status [#5].

1

# I. Analysis

This miscellaneous cause of action was opened when Plaintiff Frederick Omoyuma Silver filed a Request for Permission to File a New Case in this District Court [#1] against Defendant Toyota Motor Manufacturing, Texas, Inc. ("Toyota"). On April 18, 2019, Plaintiff was enjoined from filing any civil lawsuit in the San Antonio Division of the United States District Court for the Western District of Texas without first seeking leave and obtaining permission from a district judge in this district. *Silver v. Bemporad*, No. 5:19-cv-284-XR [#15]. This Court entered the prefiling injunction upon the classification of Plaintiff as a vexatious litigant, noting that he has filed numerous cases in the past few years, all of which have been dismissed at the pleadings stage and that, in each case, Plaintiff engaged in frivolous motion practice. *Id.* Plaintiff was warned that further frivolous filings or motions could result in the imposition of monetary sanctions. *Id.* Plaintiff has attempted to file a number of additional lawsuits since the imposition of the injunction.

Plaintiff's proposed Complaint in this case alleges that, in June 2017, Toyota offered him a position at a rate of $18.50 per hour (straight-time compensation) and $27.80 for every hour worked over 40 in a given workweek (overtime compensation). (Compl. [#1-1].) According to the Complaint, Toyota has been improperly deducting unauthorized amounts from Plaintiff's pay since August 2017 in violation of the Fair Labor Standards Act of 1938 ("FLSA") and the Texas Labor Code. Plaintiff further alleges that Toyota has violated the Employee Retirement Income Security Act of 1974 ("ERISA") by requesting that Fidelity Investments return all of Plaintiff's contributions to Toyota.

Upon referral of Plaintiff's motion, the undersigned ordered Plaintiff to file a More Definite Statement to better understand the nature of Plaintiff's Complaint and whether he

# I. Analysis

This miscellaneous cause of action was opened when Plaintiff Frederick Omoyuma Silver filed a Request for Permission to File a New Case in this District Court [#1] against Defendant Toyota Motor Manufacturing, Texas, Inc. ("Toyota"). On April 18, 2019, Plaintiff was enjoined from filing any civil lawsuit in the San Antonio Division of the United States District Court for the Western District of Texas without first seeking leave and obtaining permission from a district judge in this district. *Silver v. Bemporad*, No. 5:19-cv-284-XR [#15]. This Court entered the prefiling injunction upon the classification of Plaintiff as a vexatious litigant, noting that he has filed numerous cases in the past few years, all of which have been dismissed at the pleadings stage and that, in each case, Plaintiff engaged in frivolous motion practice. *Id.* Plaintiff was warned that further frivolous filings or motions could result in the imposition of monetary sanctions. *Id.* Plaintiff has attempted to file a number of additional lawsuits since the imposition of the injunction.

Plaintiff's proposed Complaint in this case alleges that, in June 2017, Toyota offered him a position at a rate of $18.50 per hour (straight-time compensation) and $27.80 for every hour worked over 40 in a given workweek (overtime compensation). (Compl. [#1-1].) According to the Complaint, Toyota has been improperly deducting unauthorized amounts from Plaintiff's pay since August 2017 in violation of the Fair Labor Standards Act of 1938 ("FLSA") and the Texas Labor Code. Plaintiff further alleges that Toyota has violated the Employee Retirement Income Security Act of 1974 ("ERISA") by requesting that Fidelity Investments return all of Plaintiff's contributions to Toyota.

Upon referral of Plaintiff's motion, the undersigned ordered Plaintiff to file a More Definite Statement to better understand the nature of Plaintiff's Complaint and whether he

should be allowed to proceed in federal court [#2]. This Order set forth specific questions to which Plaintiff was directed to respond. Plaintiff subsequently filed his request for permission to file electronically [#3], which remains pending, as well as a More Definite Statement [#4].

Plaintiff's More Definite Statement does not provide much additional information regarding his allegations, clarifying only that he voluntarily resigned his employment from Toyota in February 2018 and the specific amounts he alleges were improperly deducted from his paycheck each month. (More Definite Statement [#4] at 3–4.) More helpful to the Court are the copies of Plaintiff's paystubs attached to his More Definite Statement, which confirm that Toyota indeed was paying Plaintiff at an hourly rate of $18.50 and an overtime rate of $27.80. (Exs. [#4-1] at 2.) The paystubs also reflect that Toyota withheld from Plaintiff's pay the following: federal income tax, social security tax, Medicare tax, child support and a related garnishment fee, as well as deductions for various pretax medical, dental, and vision plans, and 401K contributions. (*See, e.g.*, Exs. [#4-1] at 4.) Plaintiff's More Definite Statement does not indicate which of these deductions he believes were withheld in error or the basis for his objection to the withholdings. Accordingly, as pleaded, Plaintiff's Complaint is frivolous.

As to the federal income tax withholding, the Internal Revenue Code provides that "every employer making payment of wages shall deduct and withhold upon such wages a tax . . . ." 26 U.S.C. § 3402(a)(1). Section 3403 of the Code provides that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment." *Id.* at § 3403. There is no legal basis for Plaintiff to challenge Toyota's income-tax deductions.

Insofar as Plaintiff is attempting to challenge Toyota's deductions of his child support payments and wage garnishment, this argument would also be meritless. Plaintiff has already

unsuccessfully attempted to challenge the Nevada state-court paternity designation and order for the payment of child support and wage garnishment in a separate lawsuit in this district that was dismissed for lack of subject matter jurisdiction. *See Silver v. Towner*, Case No. 5:17-CV-01135-DAE. Plaintiff cannot sue his former employer for breach of contract or any other cause of action in an attempt to avoid a valid state court order. As the undersigned previously stated in the report and recommendation in the *Silver v. Towner* matter, Plaintiff should raise any concerns regarding his child support order with the court that issued the judgment.

Finally, with respect Plaintiff's allegations regarding his Fidelity Investments contributions, Plaintiff has not pleaded facts or provided documentation that suggests Toyota violated any federal laws in how it handled contributions to his 401K during his employment or after his termination. In summary, because Plaintiff has failed to plead a plausible basis for his objection to any of the deductions from his paychecks by Toyota, the District Court should deny his request to file his Complaint in this Court. In light of this recommendation, the undersigned will deny Plaintiff's request for electronic filing and dismiss as moot his motion for a request for a status update on this case.

## II. Conclusion and Recommendation

Having considered Plaintiff's proposed Complaint and More Definite Statement, the undersigned recommends that Plaintiff's Request for Permission to File a New Case in this District Court [#1] be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Permission for Electronic Case Filing [#3] is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Inquiry on Case Status [#5] is **DISMISSED AS MOOT**.

### III. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of February, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE