IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FREDERICK OMOYUMA SILVER,      §
§
       *Plaintiff*,      §              SA-19-MC-01397-DAE
§
vs.      §
§
TOYOTA MOTOR MANUFACTURING,      §
TEXAS, INC., (TMMTX);      §
§
       *Defendant.*      §
§

## SHOW CAUSE ORDER

Before the Court in the above-styled and numbered cause of action is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs on Appeal [#12]. This motion was referred to the undersigned on March 5, 2020. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).

On April 18, 2019, Plaintiff was enjoined from filing any civil suit in the San Antonio Division of the Western District of Texas without first seeking leave and obtaining permission from a district judge in this district. *See Silver v. Bemporad*, No. 19-cv-284-XR (Doc. #15). On February 28, 2020, the District Court adopted the undersigned's report and recommendation and denied Plaintiff's motion to file a new civil action [#10]. Plaintiff filed his notice of appeal of that order on March 3, 2020, along with his motion to proceed *in forma pauperis* ("IFP") in that appeal.

The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3). According to Rule 24, a party to a district court action who desires to proceed IFP on appeal must file a motion in the district

court.[1] Fed. R. App. P. 24(a). The movant is required to attach an affidavit to the motion that: shows in detail the movant's inability to pay the appeal costs and fees; claims an entitlement to redress; and states the issues the movant intends to present on appeal. *Id.* at 24(a)(1).

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *Howard v. King*, 107 F.2d 215, 220 (5th Cir. 1983). Accordingly, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statue, a movant must also demonstrate that his appeal involves nonfrivolous issues. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

The affidavit Plaintiff filed with the Court explains his inability to pay the costs associated with his appeal. But the affidavit does not inform the Court of the issues Plaintiff intends to appeal or why he is entitled to redress. Therefore, even if Plaintiff were able to establish he lacks the financial resources to pay for his appeal, the undersigned is unable to determine whether the appeal is taken in good faith based on the current record.

It is Plaintiff's burden under Section 1915(a)(3) to demonstrate a nonfrivolous basis for his appeal. The District Court adopted the undersigned's reports and recommendation in this case [#10] and concluded that Plaintiff should not be permitted to file a new case in this Court because he failed to plead any facts to support a plausible claim for relief against Defendant.

---

[1] The undersigned notes that Plaintiff did not seek to proceed IFP in the underlying district court action, as this case was a miscellaneous case opened to determine whether Plaintiff would be permitted to file a civil action in this Court. Therefore, the provisions of Rule 24(a)(3), which permits a party already obtaining IFP status to proceed on appeal "without further authorization," do not apply.

Plaintiff has not presented the Court with any argument as to why he believes the District Court's ruling was in error. Accordingly, Plaintiff's motion to proceed IFP should be denied unless Plaintiff supplements his affidavit and presents the Court with the bases for his appeal as required by the Federal Rules of Appellate Procedure. The Court will therefore order Plaintiff to respond to this show cause order with the information required by Rule 24. *See* Fed. R. App. P. 24(a).

**IT IS THEREFORE ORDERED** that Plaintiff file a **RESPONSE** to this Show Cause Order containing the information required by Rule 24 **on or before March 23, 2020** or face denial of his IFP application.

SIGNED this 9th day of March, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE