IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FREDERICK OMOYUMA SILVER, | § § § | |
| *Plaintiff,* | § § § | SA-19-MC-01397-DAE |
| vs. | § § § | |
| TOYOTA MOTOR MANUFACTURING, TEXAS, INC., (TMMTX); | § § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Plaintiff's Application to Proceed In Forma Pauperis on Appeal [#12]. This motion was referred to the undersigned on March 5, 2020. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion be denied.

**I. Analysis**

On April 18, 2019, Plaintiff was enjoined from filing any civil suit in the San Antonio Division of the Western District of Texas without first seeking leave and obtaining permission from a district judge in this district. *See Silver v. Bemporad*, No. 19-cv-284-XR (Doc. #15). On February 28, 2020, the District Court adopted the undersigned's report and recommendation and denied Plaintiff's motion to file a new civil action [#10]. Plaintiff filed his notice of appeal of that order on March 3, 2020, along with his motion to proceed *in forma pauperis* ("IFP") in that appeal.

The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3). According to Rule 24, a party

1

to a district court action who desires to proceed IFP on appeal must file a motion in the district court.[1] Fed. R. App. P. 24(a). The movant is required to attach an affidavit to the motion that: shows in detail the movant's inability to pay the appeal costs and fees; claims an entitlement to redress; and states the issues the movant intends to present on appeal. *Id.* at 24(a)(1).

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *Howard v. King*, 107 F.2d 215, 220 (5th Cir. 1983). Accordingly, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statue, a movant must also demonstrate that his appeal involves nonfrivolous issues. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

The affidavit Plaintiff filed with the Court explained his inability to pay the costs associated with his appeal. But the affidavit did not inform the Court of the issues Plaintiff intends to appeal or why he is entitled to redress. The undersigned therefore issued a show cause order on March 9, 2020, directing Plaintiff to demonstrate a nonfrivolous basis for his appeal. In response to the Order, Plaintiff filed a Motion to Set a Hearing Date [#15], requesting a hearing to review this case. Plaintiff also filed two additional responses to the Order [#16, #17], in which Plaintiff states that he believes Defendant breached its contract with Plaintiff when Plaintiff did

---

[1] The undersigned notes that Plaintiff did not seek to proceed IFP in the underlying district court action, as this case was a miscellaneous case opened to determine whether Plaintiff would be permitted to file a civil action in this Court. Therefore, the provisions of Rule 24(a)(3), which permits a party already obtaining IFP status to proceed on appeal "without further authorization," do not apply.

not receive benefits from his fully vested 401(k) retirement plan upon the termination of his employment.

The undersigned will recommend that Plaintiff's motion to proceed IFP on appeal be denied. The only matter currently before the Court is whether Plaintiff's motion to proceed without paying court costs on appeal should be granted. Rule 24(a) requires Plaintiff establish a non-frivolous basis for his appeal, along with indigency, to be allowed to proceed without paying the cost of filing an appeal with the Fifth Circuit. Plaintiff states that he is appealing the District Court's order adopting the undersigned's report and recommendation with respect to his claim against Defendant for the improper withholding of his retirement funds. The undersigned and the District Court both agreed that Plaintiff's proposed Complaint did not include sufficient allegations to state a plausible claim under ERISA for the improper withholding of his retirement funds. Plaintiff now states that the claim is for breach of contract. The undersigned reiterates that based on the proposed Complaint before the Court, Plaintiff's claim under ERISA or for breach of contract is not supported by sufficient allegations. Accordingly, Plaintiff has not advanced a nonfrivolous basis for his appeal and should not be permitted to proceed IFP on appeal. The denial of Plaintiff's motion to proceed IFP on appeal does not bar Plaintiff from pursuing his appeal. If Plaintiff desires to appeal the District Court's Order, he should simply be required to pay the costs associated with the appeal.

## II. Conclusion and Recommendation

Having considered the record before the Court, the undersigned recommends that Plaintiff's Application to Proceed In Forma Pauperis on Appeal [#12] be **DENIED**. The undersigned will leave the Motion to Set a Hearing Date [#15] pending for the District Court's disposition, as the hearing is requested before Judge Ezra.

### III. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of March, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE